# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALPHONSO BROWN, JR.,** | Civil Action No. 14-3955 (JLL) |
| **Plaintiff,** | |
| v. | OPINION |
| **UNION COUNTY JAIL, et al.,** | |
| **Defendants.** | |

**LINARES**, Chief District Judge:

Currently before this Court is the motion of Defendant Lamb seeking the dismissal of Plaintiff's most recent amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 46). Plaintiff did not file a response to the motion. For the following reasons, the motion will be GRANTED and Plaintiff's claims against Lamb will be DISMISSED WITH PREJUDICE as time barred.

## I. BACKGROUND

Plaintiff, Alphonso Brown, Jr., who is also known as Tyrone Fitzgerald, was a state prisoner incarcerated at the Central Reception and Assignment Facility ("CRAF") in Trenton, New Jersey, in August 2012. (ECF No. 27 at 5-6). Following an incident which occurred before Petitioner was placed into CRAF in late July 2012, Plaintiff was prescribed medicated eardrops and other materials to treat one of his ears which had a damaged ear drum. (*Id.*). During a search of Plaintiff's cell, however, Defendant Lamb allegedly seized and disposed of all of Plaintiff's medicine, and refused to return them to Plaintiff, resulting in Plaintiff going deaf in his damaged ear. (*Id.*). Throughout August 2012, Plaintiff continued to request that his medical gear be returned, and Lamb apparently refused and made various verbal rebukes and threats against

1

Plaintiff. (*Id.* at 6). All of Plaintiff's claims against Defendant Lamb relate to these events occurring during the month of August 2012, and Plaintiff's current complaint contains no allegations of actions taken by Lamb after that month. (*Id.*).

On or about June 19, 2014, Plaintiff filed his initial complaint in this matter, which contained a nascent version of this claim against Lamb, albeit in a vague and conclusory form. (*See* ECF Nos. 1-2). Following screening of Plaintiff's complaint, this Court permitted to proceed only on his claims against another Defendant, Dr. Shakir. (*See* ECF No. 12). All of Plaintiff's other claims were dismissed following screening, including the claim against Lamb.[1] (*Id.*). Although provided with the opportunity to serve his complaint through the U.S. Marshal's Office, Plaintiff failed to serve the remaining Defendants in a timely fashion, and this Court entered a call for dismissal for failure to serve the complaint pursuant to Rule 4(m) on September 15, 2015. (ECF No. 17). Because Plaintiff failed to respond within the time set by the call for dismissal,[2] his complaint was dismissed without prejudice in its entirety on October 27, 2015. (ECF No. 19).

On or about April 8, 2016, Plaintiff filed with the Court a certification in which he requested that his dismissed complaint be reopened and that he be permitted to proceed against Defendants Shakir and Lamb. (ECF No. 21). On April 19, 2016, this Court entered an order which informed Plaintiff that his complaint had been dismissed without prejudice in October 2015, and that if he wished to pursue claims against Defendants, he could only do so by filing a new complaint against them. (ECF No. 22). Although the Court permitted Plaintiff to file a new

---

[1] As this Court noted in its Order issued on April 19, 2016, although the screening order did not specifically mention Lamb, it did state that Plaintiff's complaint would proceed only as to Defendant Shakir, and the Opinion which accompanied that Order, which was apparently not uploaded onto ECF upon its filing, specifically stated that the claim against Lamb would be dismissed without prejudice. (*See* ECF No. 22 at 2 n. 1).

[2] Plaintiff did file a response to the call for dismissal, but that letter did not arrive at the Court until November 4, 2015, after Petitioner's complaint was dismissed. (*See* Document 1 attached to ECF No. 20 at 12). Plaintiff did not seek reconsideration of the dismissal, nor seek to reopen this matter following its dismissal until April 2016.

2

complaint by June 2, 2016, the Court noted that it had previously dismissed Plaintiff's claims against Lamb and Shakir without prejudice in a non-conditional fashion, and that, as such, the filing of the original complaint did not arrest the running of the statute of limitations applicable to Plaintiff's claims and that Plaintiff's claims may be time barred should he file a new complaint. (*Id.* at 3 n. 3). Plaintiff thereafter filed his current complaint against Lamb and Shakir on or about June 1, 2016. (ECF No. 27).

## II. DISCUSSION

### A. Legal Standard

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is

3

liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

In his motion to dismiss the complaint, Defendant Lamb argues that Plaintiff's claims against him should be dismissed as they are barred by the applicable statute of limitations. Actions brought pursuant to 42 U.S.C. § 1983 in New Jersey are subject to New Jersey's two year personal injury statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* Generally, statutes of limitations are "not tolled by the filing of a complaint [that is] subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005). The exception to this rule applies only where the initial dismissal is conditional insomuch as it provides the plaintiff with leave to amend or address the deficient complaint within a certain time period and the plaintiff files an amended complaint within the conditional period set by the court and addresses the deficiencies raised in the conditional dismissal. *Id.* at 606-08. Where the dismissal is not conditional or the plaintiff fails

4

to file an amended complaint in accordance with the conditions set by the court, the previously dismissed complaint provides no tolling of the applicable limitations period. *Id.*

Here, Plaintiff raised claims against Defendant Lamb arising out of the actions Lamb took in August 2012. As the complaint is silent as to any actions by Lamb after August 2012, and because Plaintiff was aware of the alleged harm he suffered – the loss of his prescribed medications – when that loss occurred in August 2012. Hence, Plaintiff's claims had accrued by that date, and Plaintiff's two year limitations period would therefore have run as of August 2014 absent some basis for the tolling of the statute of limitations. *Kach*, 589 F.3d at 634. Although Plaintiff first sought to raise his claims against Lamb in his complaint filed in June 2014, his claims against Lamb were dismissed in the Court's initial screening Order and Opinion, and, in any event, Plaintiff's complaint was dismissed in its entirety pursuant to Rule 4(m) in October 2015.

That dismissal, although without prejudice, was unconditional. As such, and as this Court explained to Plaintiff in its April 2016 Order, Plaintiff's filing of his initial complaint fails to provide any basis for the tolling of the two year limitations period. *Brennan*, 407 F.3d at 606-08. Instead, the Court must treat Plaintiff's original complaint as if it never existed, and determine the timeliness of Plaintiff's complaint based solely on the date of filing of Plaintiff's current complaint – June 2016. As Plaintiff's operative complaint was not filed until June 2016, nearly four years after the events of August 2012 on which Plaintiff's claims against Defendant Lamb are based, Plaintiff's claims against Lamb would be time barred unless Plaintiff could establish some basis for the tolling of the statute of limitations. As Plaintiff failed to file a response to the motion to dismiss, he has presented no basis for the tolling of the limitations period, and this Court perceives no such basis from the record of this matter. As such, Plaintiff's claims against Defendant Lamb are time barred, and Defendant Lamb's motion to dismiss will therefore be granted.

## III. CONCLUSION

For the reasons stated above, this Court will grant Defendant Lamb's motion (ECF No. 46), and Plaintiff's claims against Lamb will be dismissed with prejudice as time barred. An appropriate Order follows.

JOSE L. LINARES
Chief Judge, United States District Court