# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALPHONSO BROWN, JR.,** | Civil Action No. 14-3955 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| **UNION COUNTY JAIL, et al.,** | |
| Defendants. | |

**LINARES**, Chief District Judge:

Currently before this Court is the motion of Defendant Shakir seeking the dismissal of Plaintiff's most recent Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 52). Plaintiff did not file a response to the motion. For the following reasons, the motion will be GRANTED and Plaintiff's claims against Shakir will be DISMISSED WITH PREJUDICE as time barred.

## I. BACKGROUND

Plaintiff, Alphonso Brown, Jr., who is also known as Tyrone Fitzgerald, was a state prisoner incarcerated at the Central Reception and Assignment Facility ("CRAF") in Trenton, New Jersey, in August 2012. (ECF No. 27 at 5-6). Following an incident which occurred before Petitioner was placed into CRAF in late July 2012, Plaintiff suffered numerous injuries which led to his seeking medical attention while in prison. (*Id.*). That treatment included several consultations with Dr. Ahmar Shakir, an orthopedic surgeon. (*Id.* at 17).

Plaintiff first saw Dr. Shakir in September 2012, at which point Dr. Shakir injected one of Plaintiff's hands with a corticosteroid. (*Id.* at 17-18). According to the Complaint, although Shakir

1

treated one of Plaintiff's hands at that time, Plaintiff's remaining injuries went untreated as Shakir told Plaintiff he would deal with them "one by one over a period of time." (*Id.* at 18). Shakir did, however, order a set of splints for Plaintiff's hands, but Plaintiff never received them as he later learned that the splints ordered by Shakir were not approved by the prison for safety reasons. (*Id.*). Plaintiff's hands, which had been fractured, thereafter healed in a deformed manner. (*Id.* at 19). Plaintiff further alleges that his injuries later led to his suffering a stroke, but it is unclear if Dr. Shakir treated Plaintiff as to any of the issues which caused this stroke. (*Id.* at 18).

According to Plaintiff's current Complaint and the documents he attached thereto, Plaintiff was seen by Dr. Shakir again on February 14, 2013, at which point he received two more corticosteroid injections – one in each hand - which apparently turned his hands "white like leprosy." (*Id.* at 18, 24). Plaintiff does not allege that he was seen by Dr. Shakir after February 2013, instead he states that the only treatments he received from Shakir were the three total injections into his hands during these two visits and the ordering of a splint he never received. (*Id.* at 19). Plaintiff's claims against Dr. Shakir thus concern events which occurred, at the latest, on February 14, 2013. (*Id.* at 17-19, 24).

This Court summarized the procedural history of this matter as follows in deciding a previous motion to dismiss:

> On or about June 19, 2014, Plaintiff filed his initial complaint in this matter, which contained a nascent version of this claim against Lamb, albeit in a vague and conclusory form. (*See* ECF Nos. 1-2). Following screening of Plaintiff's complaint, this Court permitted to proceed only on his claims against another Defendant, Dr. Shakir. (*See* ECF No. 12). All of Plaintiff's other claims were dismissed following screening, including the claim against Lamb.[] (*Id.*). Although provided with the opportunity to serve his complaint through the U.S. Marshal's Office, Plaintiff failed to serve the remaining Defendants in a timely fashion, and this Court entered a call for dismissal for failure to serve the complaint pursuant to Rule 4(m) on September 15, 2015. (ECF No.

2

17). Because Plaintiff failed to respond within the time set by the call for dismissal,[1] his complaint was dismissed without prejudice in its entirety on October 27, 2015. (ECF No. 19).

On or about April 8, 2016, Plaintiff filed with the Court a certification in which he requested that his dismissed complaint be reopened and that he be permitted to proceed against Defendants Shakir and Lamb. (ECF No. 21). On April 19, 2016, this Court entered an order which informed Plaintiff that his complaint had been dismissed without prejudice in October 2015, and that if he wished to pursue claims against Defendants, he could only do so by filing a new complaint against them. (ECF No. 22). Although the Court permitted Plaintiff to file a new complaint by June 2, 2016, the Court noted that it had previously dismissed Plaintiff's claims against Lamb and Shakir without prejudice in a non-conditional fashion, and that, as such, the filing of the original complaint did not arrest the running of the statute of limitations applicable to Plaintiff's claims and that Plaintiff's claims may be time barred should he file a new complaint. (*Id.* at 3 n. 3). Plaintiff thereafter filed his current complaint against Lamb and Shakir on or about June 1, 2016. (ECF No. 27).

(ECF No. 49 at 2-3).

## II. DISCUSSION

### A. Legal Standard

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

---

[1] As the Court explained in its previous opinion, "Plaintiff did file a response to the call for dismissal, but that letter did not arrive at the Court until November 4, 2015, after Petitioner's complaint was dismissed. (*See* ECF No. 20-1 at 12). Plaintiff did not seek reconsideration of the dismissal, nor seek to reopen this matter following its dismissal until April 2016." (ECF no. 49 at 2 n. 2).

3

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## B. Analysis

### 1. Dr. Shakir's Motion Must be Considered A Motion for Judgment on the Pleadings

Although Defendant characterizes his motion as a motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court notes that Defendant has previously filed an answer in this matter. Motions brought pursuant to that rule must be made

"before pleading." Fed. R. Civ. P. 12(b). While Defendant's motion is thus technically improper to the extent it was filed pursuant to Rule 12(b)(6) after the filing of an answer, under Rules 12(c) and 12(h)(2) this Court is free to consider it as a motion for judgment on the pleadings, which is subject to the same standard as a motion filed pursuant to Rule 12(b)(6). *See, e.g., Sprint Solutions, Inc. v. J&S Invs. Of Del., Inc.*, No. 16-1420, 2017 WL 433999, at *6 (D.N.J. Jan. 31, 2017); *see also Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). This Court will therefore consider the motion one for judgment on the pleadings and address it as such.

**2. Plaintiff's § 1983 Claims Against Dr. Shakir in his Amended Complaint are Time Barred**

Defendant Shakir now moves to dismiss Plaintiff's Amended Complaint as time barred. As this Court previously explained to Plaintiff,

> Actions brought pursuant to 42 U.S.C. § 1983 in New Jersey are subject to New Jersey's two year personal injury statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* Generally, statutes of limitations are "not tolled by the filing of a complaint [that is] subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005). The exception to this rule applies only where the initial dismissal is conditional insomuch as it provides the plaintiff with leave to amend or address the deficient complaint within a certain time period and the plaintiff files an amended complaint within the conditional period set by the court and addresses the deficiencies raised in the conditional dismissal. *Id.* at 606-08. Where the dismissal is not conditional or the plaintiff fails to file an amended complaint in accordance with the conditions set by the court, the previously dismissed complaint provides no tolling of the applicable limitations period. *Id.*

(ECF No. 49 at 4-5).

Plaintiff's claims against Dr. Shakir concern two visits he had with the doctor in September 2012 and February 2013. As Plaintiff pled no facts regarding any treatment or visits with Dr. Shakir after February 2013, and as Plaintiff was aware of the harm he suffered as a result – *i.e.*, the alleged lack of any real treatment, at that time as evidenced by his constant complaints to prison officials thereafter, Plaintiff's § 1983 claims against Shakir accrued by mid-February 2013, and Plaintiff's two year limitations period would therefore have run as of mid-February 2015, absent some basis for the tolling of the statute of limitations. *Kach*, 589 F.3d at 634. Although Plaintiff first sought to raise his claims against Dr. Shakir in his Complaint filed in June 2014, his claims against Shakir were dismissed pursuant to Rule 4(m) in October 2015. That dismissal, although without prejudice, was unconditional. As such, and as this Court explained to Plaintiff in its April 2016 Order, Plaintiff's filing of his initial Complaint fails to provide any basis for the tolling of the two-year limitations period. *Brennan*, 407 F.3d at 606-08. Instead, the Court must treat Plaintiff's original Complaint as if it never existed, and determine the timeliness of Plaintiff's Amended Complaint based solely on when Plaintiff filed same – June 2016.

As Plaintiff's Amended Complaint was not filed until June 2016, well over three years after the he was last seen by Dr. Shakir in February 2013, Plaintiff's claims against Lamb would be time barred, unless Plaintiff could establish some basis for the tolling of the statute of limitations. In this case, Plaintiff failed to file a response to the motion to dismiss, he has presented no basis for the tolling of the limitations period, and this Court perceives no such basis from the record of this matter. Accordingly, Plaintiff's claims § 1983 claims against Defendant Shakir are time barred, and Defendant's motion will therefore be granted.[2] As Defendant Shakir was the

---

[2] In his Complaint, Plaintiff presents his medical claims as claims for deliberate indifference to medical needs in violation of the Eighth Amendment, brought pursuant to 42 U.S.C. § 1983. (*See* ECF No. 27 at 17-19). Plaintiff does not clearly state whether or not he also intended to bring state law claims for medical malpractice. (*Id.*). To the extent Plaintiff did intend to also bring state law malpractice claims against Dr. Shakir, this Court declines to exercise

6

last remaining Defendant in this matter, and as Plaintiff's claims against him are being dismissed at this time, Plaintiff's Amended Complaint shall be dismissed in its entirety and this matter shall be closed.

### III. CONCLUSION

For the reasons stated above, this Court will grant Defendant Shakir's motion (ECF No. 52), and Plaintiff's § 1983 claims against Shakir will be dismissed with prejudice as time barred, and this matter shall be closed. An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court

---

supplemental jurisdiction over those claims as this Court has now dismissed all of the claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). If Plaintiff wishes to pursue any state law claims, he is free to do so in state court to the extent to which those claims are not barred by the applicable state law statute of limitations.